IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAVANNAH ELIZABETH FLOHRS                                              PLAINTIFF

V.                              NO. 13-5082

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration             DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Savannah Elizabeth Flohrs, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for SSI on October 13, 2010, alleging an inability to work since then, due to one short leg, facial paralysis, and asthma. (Tr. 124-127, 144, 158). An administrative hearing was held on March 8, 2012, at which Plaintiff appeared with counsel, and she and her mother testified. (Tr. 23-64).

By written decision dated May 8, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - asthma,

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

obesity, left side paresis, anxiety and learning disorder. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently climb, balance, kneel, stoop, crouch and crawl. She must avoid concentrated exposure to pulmonary irritants. The claimant is also limited to work [where] the complexity of the tasks is learned and performed by rote with few variables and little judgment involved. Supervision required is simple, direct and concrete.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as tender (compression molding machine tender, leather riveting machine operator, and bindery machine; and assembly worker (bottling line attendant, conveyer line bakery worker, and toy assembler). (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 29, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.      Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) The ALJ erred in finding Plaintiff retains the RFC to perform less than a full range of light work; and 4) The ALJ erred in failing to fully and fairly develop the record. (Doc. 10).

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ failed to give adequate consideration to the effect of her obesity in combination with her other severe impairments.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 11). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 11). The ALJ stated that at step three, he must

determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 11). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 12). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ specifically addressed Plaintiff's obesity as follows:

> Obesity is found to be a severe impairment when, alone or in combination with another impairment, it has a more than minimal effect on the individuals' ability to do basic work activities (SSR 02-1p). . . . I find that the impairment of obesity is severe within the meaning of the Social Security Regulations because the impairment significantly limits the claimant's physical ability to do basic work activities, as supported by the medical evidence of record.

(Tr. 12). Clearly, the ALJ considered Plaintiff's obesity and the combined effect of all of her impairments. Accordingly, Plaintiff's argument is without merit.

### B.   Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

AO72A
(Rev. 8/82)

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with his RFC. (Tr. 15). The ALJ discussed Plaintiff's daily activities, reporting that Plaintiff worked at a Subway restaurant part-time, used public transportation to get to her job, vacuumed, did the dishes, took out the trash, helped her mother with the other chores, spent time playing games, went to the library once or twice a week, and visited with friends. (Tr. 15). The ALJ also noted that Plaintiff's medications for her asthma appeared to be effective in controlling Plaintiff's symptoms. (Tr. 16). This is confirmed by Dr. Ann-Marie Magre, Plaintiff's treating physician, in a May 4, 2010 report. (Tr. 174). In that same report, the physician also noted that there was no joint pain or swelling, no weakness, and that Plaintiff had a normal gait. (Tr. 174). The ALJ acknowledged that the consultative examiner, Dr. Robert Karas, who examined Plaintiff on April 10, 2012, reported that Plaintiff had 3/5 strength in her lower left extremity and 4/5 strength in her right lower extremity, and that her left calf was smaller than her right calf, and that she walked with a left sided limp. (Tr. 16-17). Dr. Karas concluded that plaintiff had moderate to severe limitations on walking and lifting. (Tr. 17). The ALJ considered the opinion of Dr. Karas and found his opinion was supported by the objective medical evidence of record and his examination of Plaintiff. He therefore, incorporated his limitations into the Plaintiff's RFC assessment. (Tr. 17).

AO72A
(Rev. 8/82)

The Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.    RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found Plaintiff was capable of performing light work with certain exertional and non-exertional limitations. A review of the records in this case reveals that Plaintiff sought very little medical care for her impairments. The first medical record in this case is Dr. Magre's report, dated May 4, 2010, from FirstCare South. (Tr. 174). Dr. Magre found Plaintiff had moderate level asthma and that it was stable - Plaintiff was doing well on Advair and rarely used Albuterol. (Tr. 174). There was no joint pain or swelling, no weakness, and she had a normal gait. (Tr. 174). Dr. Magre assessed Plaintiff with Asthma, unspec. stable. (Tr. 174).

A Physical RFC Assessment form was completed by non-examining consultant, Dr. Bill

AO72A
(Rev. 8/82)

F. Payne. (Tr. 180-187). Dr. Payne found Plaintiff had no exertional, postural, manipulative or visual limitations, and that she should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 181-184).

Subsequent to the hearing, Plaintiff underwent a General Physical Examination by Dr. Robert C. Karas. (Tr. 192-196). Dr. Karas diagnosed Plaintiff with left lower extremity and left upper extremity paresis, left facial paralysis, asthma, and obesity, and concluded that Plaintiff had moderate to severe limitations with walking and lifting. (Tr. 196).

On April 12, 2012, a Mental Diagnostic Evaluation was conducted by Terry L. Efird, Ph.D. (Tr. 200). Anxiety and nervousness was denied by Plaintiff. (Tr. 200). Dr. Efird found that the ability of Plaintiff to perform basic self-care tasks independently was endorsed, with the exception of tying her left shoe, and the ability to perform household chores adequately was endorsed. (Tr. 201). Dr. Efird found that Plaintiff struck him as tending to minimize her difficulties, and noted that she did appear remarkably dependent upon her mother. (Tr. 202). Dr. Efird diagnosed Plaintiff as follows:

> Axis I: anxiety disorder NOS; learning disorder NOS
> R/O - dysthymic disorder
> Axis II: personality disorder NOS (avoidant and dependent traits)
> R/O - borderline intellectual functioning
> Axis V: 40-50

(Tr. 202). The ability to shop independently and the ability to handle personal finances adequately were also endorsed, as well as the ability to perform most activities of daily living adequately. (Tr. 203). Social interactions were described as talking on the telephone most days with family members, and Plaintiff also reported going to the library each morning prior to going to work. (Tr. 203).

Dr. Efird found that Plaintiff communicated and interacted in a reasonably social adequate manner for the setting; that she communicated most basic information in a reasonably intelligible and effective manner; and that she would have difficulty communicating complex types of information adequately. Dr. Efird further concluded that Plaintiff had the capacity to perform basic cognitive tasks required for basic work like activities, and that she performed most basic cognitive tasks adequately during the evaluation, although Dr. Efird noted that Plaintiff's mental processing speed was considered moderately slow. (Tr. 203-204).

In his decision, the ALJ considered all of the medical records, and reported that he incorporated the opinions of Dr. Efird and Dr. Karas into his RFC assessment. (Tr. 17). The ALJ gave the agency physician's opinion great weight, and gave little probative weight to Plaintiff's testimony. (Tr. 17). He also did not give Plaintiff's mother's opinion significant weight. (Tr. 17).

The Court finds that the ALJ's RFC assessment takes into consideration all of the limitations that are supported by the record, including the few medical records in existence, and that there is substantial evidence to support the ALJ's RFC determination.

### D.   Failure to Fully and Fairly Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to

AO72A
(Rev. 8/82)

function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).  Plaintiff argues that the ALJ should have procured a Psychiatric Review Technique or Mental RFC Assessment.

The Court first notes that Plaintiff did not list any mental impairment as a condition which limited her ability to work, which is significant.  Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).  In addition, the ALJ had before him the evaluation of Dr. Efird, which, among other things, reported that Plaintiff denied any anxiety or nervousness. (Tr. 200).  Finally, based upon Dr. Efird's findings, the ALJ included in his RFC assessment the fact that Plaintiff was limited to work where the complexity of the tasks was learned and performed by rote with few variables and little judgment involved, and where supervision required was simple, direct and concrete.

The Court believes the evidence was sufficient for the ALJ to make a disability determination.  The fact that there are few medical records in this case does not automatically mean that the record needs to be more fully developed.  The ALJ had before him the assessment of Plaintiff's treating physician, a Physical RFC Assessment, and a General Physical Examination and Mental Diagnostic Evaluation which were conducted at the ALJ's direction, after the hearing.  Such documentation was sufficient for the ALJ to make a determination of

AO72A
(Rev. 8/82)

Plaintiff's ability to function in the workplace.

Based upon the foregoing, the Court believes the record was fully and fairly developed.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 8th day of April, 2014.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE